LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (SBN 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiff EMILY OGO

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

EMILY OGO, individually and as successor in interest to TERRENCE OGO, deceased,

Plaintiff,

vs.

CITY OF LEMOORE; DUSTIN MOSES; and DOES 1-10, inclusive,

Defendants.

Case No.

**COMPLAINT FOR DAMAGES**

1. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)
2. Substantive Due Process (42 U.S.C. § 1983)
3. Municipal Liability – Ratification (42 U.S.C. § 1983)
4. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)
5. Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)
6. Battery (Wrongful Death)
7. Negligence (Wrongful Death)
8. Bane Act (Cal. Civil Code 52.1)

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

EMILY OGO, individually and as successor in interest to TERRENCE OGO, deceased, brings this Complaint against Defendants CITY OF LEMOORE, DUSTIN MOSES, and DOES 1-10, inclusive, and hereby alleges as follows:

## INTRODUCTION

1. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Terrence Ogo on September 30, 2025.

## JURISDICTION AND VENUE

2. This case arises under 42 U.S.C. § 1983 and 1988 as well as California law. This court has subject matter jurisdiction over Plaintiff's federal question and civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has jurisdiction over Plaintiff's supplemental state law claims under 28 U.S.C. § 1367 as those claims arise out of the same transactions and occurrences as Plaintiff's federal question claims.

3. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(2) because all incidents, events, and occurrences giving rise to this action occurred in the City of Lemoore, Kings County, California.

## PARTIES

4. At all relevant times, Decedent TERRENCE OGO ("DECEDENT") was an individual residing in the City of Lemoore, California.

5. Plaintiff EMILY OGO ("Plaintiff") is an individual residing in the City of Lemoore, California. Plaintiff is the natural mother of Decedent. Plaintiff sues both in her individual capacity as the mother of Decedent and in a representative capacity as the successor-in-interest to Decedent pursuant to California Code of Civil Procedure § 377.30. Plaintiff seeks survival damages, wrongful death damages, and punitive damages under federal and state law.

6. At all relevant times, Defendant CITY OF LEMOORE ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Lemoore Police Department ("LPD") and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of Defendants DUSTIN MOSES and DOES 1-10.

7. At all relevant times, Defendant DUSTIN MOSES ("MOSES") was a police officer for LPD who was acting under color of law and within the course and scope of his duties as a police officer for LPD. Defendant MOSES was acting with the complete authority and ratification of his principal, Defendant CITY.

8. At all relevant times, Defendants DOES 1-5 ("DOE OFFICERS") are police officers for LPD who were acting under color of law and within the course and scope of their duties as police officers for the LPD. DOES 1-5 were acting with the complete authority and ratification of their principal, Defendant CITY.

9. Defendants DOES 6-10 are managerial, supervisorial, and policymaking employees of LPD, who at all relevant times were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the LPD. DOES 6-10 was acting with the complete authority and ratification of their principal, Defendant CITY.

10. On information and belief, at all relevant times DUSTIN MOSES and DOES 1-10 were residents of Kings County.

11. In doing the acts and failing and omitting to act as hereinafter described, DUSTIN MOSES and DOE OFFICERS were acting on the implied and actual permission and consent of DOES 6-10 and the CITY.

12. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 6-10 was acting on the implied and actual permission and consent of the CITY.

13. The true names and capacities, whether individual, corporate, association, or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

14. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

15. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

16. Defendants DUSTIN MOSES and DOES 1-10 are sued in their individual capacity.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

17. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 16 of this Complaint with the same force and effect as if fully set forth herein.

18. On or about September 30, 2025, Terrence Ogo (“DECEDENT”), was inside his residence located at the Country Club Apartments in Lemoore, California.

Defendants MOSES and DOE OFFICERS, police officers working for the Lemoore Police Department, were dispatched to DECEDENT's residence to obtain a statement in connection with an incident that occurred five years earlier in Reno, Nevada .

19. On information and belief, upon arrival, Defendant MOSES entered DECEDENT's residence and engaged with him in a seated interview. On information and belief, Defendants MOSES and DOE OFFICERS did not have any specific information that DECEDENT had committed a crime or was committing a crime. On information and belief, Defendants MOSES and DOE OFFICERS were dispatched to DECEDENT's residence to take his statement as a witness to a crime.

20. During the course of Defendant MOSES's interactions with DECEDENT inside of DECEDENT's residence, Defendant MOSES discharged his firearm at DECEDENT, striking and killing DECEDENT.

21. On information and belief, Defendant MOSES failed to give DECEDENT a warning that deadly force was going to be used before shooting DECEDENT, despite it being feasible to do so.

22. At all relevant times, DECEDENT did not pose an immediate threat of death or serious bodily injury to the officer or anyone else at the time of the shooting. At all relevant times, Defendant MOSES was not faced with an immediate defense of life situation and had less-lethal alternatives available to take DECEDENT into custody.

23. DECEDENT sustained several gunshot wounds to his body and died as a result of his gunshot wounds.

24. Plaintiff is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds DECEDENT's interest in this action as the natural mother of DECEDENT.

25. On or around March 24, 2026, Plaintiff filed a comprehensive and timely claim for damages with the City of Lemoore in substantial compliance with §

910 of the California Government Code. Over 45 days have passed without the resolution of said claim.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendant DUSTIN MOSES)

26. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 25 of this Complaint with the same force and effect as if fully set forth herein.

27. Defendant MOSES used excessive and unreasonable force against DECEDENT when he shot him several times. Defendant MOSES's unjustified use of force deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

28. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

29. At all relevant times, DECEDENT did not pose an immediate threat of death or serious bodily injury to Defendant MOSES or anyone else.

30. Defendant MOSES's use of force was excessive and objectively unreasonable and contrary to basic police officer training because DECEDENT posed no immediate threat of death or serious bodily injury to anyone at the time.

31. Defendant MOSES did not exhaust all reasonable available alternative measures prior using deadly force on DECEDENT. Defendant MOSES failed provide adequate commands and warnings prior to using deadly force, despite it be feasible to do so.

32. As a result of their misconduct as described above, Defendant MOSES is liable for DECEDENT's injuries, either because they were integral participants in the use of excessive force or because they failed to prevent these violations.

33. The conduct of Defendant MOSES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendant MOSES.

34. Plaintiff brings this claim as successor-in-interest to DECEDENT and seeks survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life for the violation of DECEDENT's rights. Plaintiff also seeks attorneys' fees under this claim.

## SECOND CLAIM FOR RELIEF

**Substantive Due Process (42 U.S.C. § 1983)**

(Against Defendant DUSTIN MOSES)

35. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.

36. Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

37. The aforementioned actions of Defendant MOSES, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiff and DECEDENT, and with purpose to harm unrelated to any legitimate law enforcement objective.

38. As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died. Defendant MOSES thus violated the substantive due process rights of Plaintiff to be free from unwarranted interference with her familial relationship with DECEDENT.

39. As a direct and proximate cause of the acts of Defendant MOSES, Plaintiff suffered emotional distress, mental anguish, and pain. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

40. The conduct of Defendant MOSES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendant MOSES.

41. Plaintiff brings this claim individually for the interference with his relationship with her son DECEDENT and seeks wrongful death damages for the violation of Plaintiff's rights. Plaintiff also seeks attorney's fees under this claim.

## THIRD CLAIM FOR RELIEF

**Municipal Liability – Ratification (42 U.S.C. § 1983)**

(Against Defendants CITY and DOES 6-10)

42. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43. At all relevant times, Defendant MOSES was acting under color of state law.

44. The acts of Defendant MOSES as described above, including using less-lethal and lethal force against DECEDENT, deprived DECEDENT of his rights under the United States Constitution.

45. Upon information and belief, a final policymaker for CITY, acting under color of law, who had final policymaking authority concerning the acts of Defendant MOSES, ratified (or will ratify) Defendant MOSES's acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendant MOSES's acts, which include use of excessive force against DECEDENT.

46. Upon information and belief, a final policymaker for CITY has determined (or will determine) that the acts of Defendant MOSES were "within policy."

47. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

48. Accordingly, Defendants MOSES and DOES 6-10 each are liable to Plaintiff and DECEDENT for compensatory damages under 42 U.S.C. § 1983.

49. Plaintiff brings this claim individually and as a successor-in-interest to the DECEDENT, and seeks survival damages, including pre-death pain and suffering, loss of life, loss of enjoyment of life, and wrongful death damages under this claim. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

(Against Defendants CITY and DOES 6-10)

50. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

51. At all relevant times, Defendant MOSES was acting under color of state law.

52. The acts of Defendant MOSES deprived DECEDENT of his rights under the United States Constitution.

53. The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

54. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately. Specifically, CITY failed to adequately train Defendant MOSES with respect to detentions and arrests, tactics, use of less-lethal options, and the use of deadly force, including determining whether the use of deadly force is reasonable and appropriate under the circumstances.

55. The failure of Defendant CITY to provide adequate training caused the deprivation of the DECEDENT's rights by Defendant MOSES; that is, CITY's failure to train is so closely related to the deprivation of DECEDENT's rights as to be the moving force that caused the ultimate injury.

56. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

57. Accordingly, Defendants MOSES and DOES 6-10 each are liable to Plaintiff and DECEDENT for compensatory damages under 42 U.S.C. § 1983.

58. Plaintiff brings this claim individually and as a successor-in-interest to the DECEDENT, and seeks survival damages, including pre-death pain and suffering, loss of life, loss of enjoyment of life, and wrongful death damages under this claim. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

## FIFTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants CITY and DOES 6-10)

59. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 58 of this Complaint with the same force and effect as if fully set forth herein.

60. At all relevant times, Defendant MOSES was acting under color of state law.

61. When Defendant MOSES shot and killed DECEDENT, and denied him timely medical attention, they acted pursuant to an expressly adopted official policy/ies or a longstanding practice(s) or custom of the Defendant CITY respectively.

62. On information and belief, Defendant MOSES was not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of lethal force against DECEDENT.

63. Defendants CITY and DOES 6-10, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a) Using excessive force, including excessive deadly force;

(b) Providing inadequate training regarding the use of deadly force;

(c) Employing and retaining as officers individuals whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d) Inadequately supervising, training, controlling, assigning, and disciplining CITY police officers, and other personnel, whom Defendant CITY knew or in the exercise of reasonable care

should have known had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY police officers;

(f) Failing to adequately discipline CITY police officers for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h) Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;

(j) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and

recommend officers for criminal prosecution who participate in shootings of unarmed people.

64. Defendants CITY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

65. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, CITY and DOES 6-10 acted with intentional, reckless, and callous disregard for the life and constitutional rights of Plaintiff and DECEDENT. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff and DECEDENT.

66. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

67. Accordingly, Defendants MOSES and DOES 6-10 each are liable to Plaintiff and DECEDENT for compensatory damages under 42 U.S.C. § 1983.

68. Plaintiff brings this claim individually and as a successor-in-interest to the DECEDENT, and seeks survival damages, including pre-death pain and suffering, loss of life, loss of enjoyment of life, and wrongful death damages under

this claim. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

## SIXTH CLAIM FOR RELIEF

**Battery (Wrongful Death)**

(Against Defendants DUSTIN MOSES and CITY)

69. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 68 of this Complaint with the same force and effect as if fully set forth herein.

70. At all relevant times, Defendant MOSES was working as a police officer for LPD and was acting within the course and scope of his duties as police officers for the CITY.

71. Defendant MOSES while working as police officers for the LPD, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times and used unreasonable and excessive force against him. As a result of the actions of Defendant MOSES, DECEDENT ultimately died from his injuries. Defendant MOSES had no legal justification for using force against DECEDENT, and their use of force while carrying out their duties as police officers was an unreasonable and non-privileged use of force.

72. As a direct and proximate result of the conduct of Defendant MOSES as alleged above, DECEDENT sustained injuries and died from his injuries and also lost his earning capacity.

73. The CITY is vicariously liable for the wrongful acts of Defendant MOSES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

74. The conduct of Defendant MOSES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiff, as successor-in-interest to DECEDENT, to an award of exemplary and punitive damages, which Plaintiff seeks under this claim.

75. Plaintiff bring this claim individually and as a successor-in-interest to DECEDENT. Plaintiff seeks wrongful death damages under this claim.

## SEVENTH CLAIM FOR RELIEF

### Negligence (Wrongful Death)

(Against all Defendants)

76. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 75 of this Complaint with the same force and effect as if fully set forth herein.

77. The actions and inactions of Defendants were negligent and reckless, including but not limited to:

(a) Defendants MOSES and DOE OFFICERS' failure to properly and adequately assess the need to detain, arrest, and use force and/or deadly force against DECEDENT;

(b) Defendants MOSES and DOE OFFICERS' negligent tactics and handling of the situation with DECEDENT, including pre-force negligence;

(c) Defendants MOSES and DOE OFFICERS' negligent detention, arrest, and use of force, against DECEDENT;

(d) Defendants MOSES and DOE OFFICERS's failure to provide prompt medical care to DECEDENT,

(e) the CITY's failure to properly train and supervise employees, both professional and non-professional, including Defendants MOSES and DOE OFFICERS;

(f) the CITY's failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT.

78. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT ultimately died. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered emotional distress and mental anguish. Plaintiff also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

79. The CITY is vicariously liable for the wrongful acts of Defendants MOSES, DOE OFFICERS and DOES 6-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

80. Plaintiff brings this claim individually and as a successor-in-interest to DECEDENT. Plaintiff seeks wrongful death damages under this claim.

## EIGHTH CLAIM FOR RELIEF

**Violation of Cal. Civil Code § 52.1 (Bane Act)**

(Against Defendants MOSES, DOES 6-10, and CITY)

81. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 80 of this Complaint with the same force and effect as if fully set forth herein.

82. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights. An intent to

violate a person's civil rights can be inferred by a reckless disregard for the person's civil rights.

83. On information and believe, Defendant MOSES, while working for CITY and acting within the course and scope of this duties as a police officer, intentionally committed and attempted to commit acts of violence against DECEDENT and also acted with a reckless disregard for DECEDENT's civil rights, including by shooting him without justification or excuse, and by denying him necessary medical care.

84. When Defendant MOSES shot DECEDENT, he interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

85. On information and belief, Defendant MOSES intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was and is fully entitled to enjoy.

86. On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendant MOSES were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

87. Defendant MOSES intentionally and successfully interfered with the above civil rights of DECEDENT, including his right to be free from excessive force, and acted with a reckless disregard for these rights.

88. The conduct of Defendants was a substantial factor in causing DECEDENT's harms, losses, injuries, and damages.

89. The CITY is vicariously liable for the wrongful acts of Defendant MOSES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within

the scope of the employment if the employee's act would subject him or her to liability.

90. Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

91. Defendant MOSES's conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's rights, justifying an award of exemplary and punitive damages as to Defendant MOSES.

92. Plaintiff brings this claim as successor-in-interest to DECEDENT and seeks survival damages, including emotional distress, loss of life, and loss of enjoyment of life under this claim. Plaintiff also seeks treble damages, punitive damages, attorney's fees, and costs under this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Emily Ogo, requests entry of judgment in her favor and against Defendants City of Lemoore, Dustin Moses, and DOES 1-10, inclusive, as follows:

A. For compensatory damages in whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

B. For funeral and burial expenses, and loss of financial support;

C. For punitive damages against the individual defendants in an amount to be proven at trial;

D. For statutory damages;

E. For treble damages pursuant to California Civil Code Sections 52, 52.1;

F. For interest;

G. For reasonable attorneys' fees, including litigation expenses;

H. For costs of suit; and

I. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: September 4, 2026 LAW OFFICES OF DALE K. GALIPO

By *_/s/ Dale K. Galipo_*
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: September 4, 2026 LAW OFFICES OF DALE K. GALIPO

By *__/s/ Dale K. Galipo__*
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiff